# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SILOAM SPRINGS HOTEL, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-13-572-M |
| | ) | |
| CENTURY SURETY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion for Summary Judgment, filed April 1, 2014. On April 22, 2014, defendant filed its response. Also before the Court is defendant's Motion for Summary Judgment, filed April 1, 2014. On April 22, 2014, plaintiff filed its response, and on April 29, 2014, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Defendant Century Surety Company ("Century Surety") issued a Commercial Lines Policy to plaintiff Siloam Springs Hotel, L.L.C. ("Siloam Springs"), which included general liability insurance coverage of Siloam Springs' hotel in Siloam Springs, Arkansas, for the policy period from November 13, 2012 through November 13, 2013. The insuring agreement of the general liability coverage form provided that Century Surety would pay sums the insured was legally obligated to pay as damages because of bodily injury to which the insurance applies and that Century Surety would have the right and duty to defend the insured against any suit seeking such damages. The policy's coverage was modified by an "Arkansas – Special Exclusions and Limitations Endorsement" which added certain additional exclusions to the policy, including specifically section (A)(6), "Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful

Materials," (the "Indoor Air Exclusion") which stated at subsection (j) that the insurance afforded by the policy does not apply to:

> "Bodily injury", "property damage", or "personal and advertising injury" arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating pathogenic or allergen qualities or characteristics of indoor air regardless of cause
> . . .

Century Surety Policy at CGL 1701AR 0711, Section A(6)(j), page 1 of 4.

On January 17, 2013, several guests inside Siloam Springs' hotel allegedly suffered bodily injury due to carbon monoxide poisoning. The carbon monoxide escaped into the air when it leaked from the hotel's indoor swimming pool heater. Siloam Springs sought coverage under the policy, and Century Surety denied coverage, relying on the Indoor Air Exclusion.

Siloam Springs brought the instant action seeking a declaration that the policy provides coverage for the bodily injuries of the guests which occurred on January 17, 2013. Siloam Springs and Century Surety have filed cross motions for summary judgment.

II.   Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.    Discussion

The sole issue in this case is whether insurance coverage is afforded by the Century Surety policy for the bodily injuries caused by a carbon monoxide release within Siloam Springs' hotel. Further, the only dispute in this case is the interpretation of the policy's Indoor Air Exclusion.

Where a contract is unambiguous, its interpretation is a question of law for the court. *See Cate v. Irvin*, 866 S.W.2d 423, 426 (Ark. Ct. App. 1993).[1] An insurance policy is a contract between the insurer and the insured. *See Clarendon Nat'l Ins. Co. v. Roberts*, 120 S.W.3d 141, 143 (Ark. Ct. App. 2003). The language of an insurance policy is to be construed in its plain, ordinary, and popular sense, and where the language is unambiguous, a court will give effect to the plain language of the policy without resorting to the rules of construction. *See Phila. Indem. Ins. Co. v. Austin*, 383

---

[1] Century Surety asserts that Arkansas law, rather than Oklahoma law, applies to the interpretation of the insurance policy at issue. Siloam Springs does not contest this assertion. However, even if Oklahoma substantive law is applied, its rules for construction of an insurance contract are identical to those of Arkansas. *See*, *e.g.*, *May v. Mid-Century Ins. Co.*, 151 P.3d 132, 140 (Okla. 2006) (insurance policy is contract to which rules of construction and analysis applicable to contracts equally apply) and *Lewis v. Sac and Fox Tribe of Okla. Housing Auth.*, 896 P.2d 503, 514 (Okla. 1994) (where language of contract is clear and free of ambiguity, court is to interpret it as a matter of law).

S.W.3d 815, 819-20 (Ark. 2011).[2] Whether the language of an insurance policy is ambiguous is a question of law to be resolved by the Court. *See Norris v. State Farm Fire & Cas. Co.*, 16 S.W.3d 242, 246 (Ark. 2000). An insurance policy provision is ambiguous if it is susceptible to more than one reasonable interpretation. *See id.*

Siloam Springs contends that the Indoor Air Exclusion, as applied to the circumstances of this case, is ambiguous because it is susceptible to more than one reasonable interpretation. Siloam Springs asserts that the most reasonable interpretation is that the phrase "qualities or characteristics of indoor air" refers to inherent and/or ongoing and continuous attributes of the air quality of the hotel. Siloam Springs also contends that Century Surety's interpretation that the Indoor Air Exclusion applies to any harmful substance in the air, presumably including smoke or natural gas, no matter whether the introduction of the substance into the air was a one time, isolated event and no matter how the substance was introduced into the air is grossly overbroad and, if adopted, will lead to absurd results, such as excluding a claim for smoke inhalation caused by a fire in the insured premises.

Century Surety contends that the Indoor Air Exclusion is unambiguous and accepting the words of the exclusion in their plain, ordinary, and popular sense, it clearly excludes from coverage any bodily injuries caused by toxic characteristics of indoor air, which would include carbon monoxide, regardless of cause. Century Surety asserts the fact that the Indoor Air Exclusion might apply to "ongoing attributes" of indoor air in no way indicates the exclusion only applies to ongoing

---

[2]An identical standard would be applied if the Century Surety policy were being interpreted under Oklahoma law. *See Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 376-77 (Okla. 1991).

attributes and does not apply to the release of carbon monoxide. Century Surety further asserts that if the Indoor Air Exclusion only applied to "ongoing attributes" it would so state, but it does not.

Having carefully reviewed the parties' submissions, the Court finds that the Indoor Air Exclusion is not ambiguous. Specifically, construing the language of the Indoor Air Exclusion in its plain, ordinary, and popular sense, the Court finds that the exclusion is not susceptible to more than one reasonable interpretation. Based upon the exclusion's title – "Mold, Fungi, Virus, Bacteria, Air Quality, Contaminants, Minerals or Other Harmful Materials" – and the specific language of the exclusion – "any toxic, hazardous, noxious, irritating, pathogenic or allergen qualities or characteristics of indoor air regardless of cause", the Court finds the Indoor Air Exclusion, while a very broad exclusion, unambiguously applies to more than just situations involving toxic indoor air caused from the development of mold, fungi or some other degradation of structure but applies as well to situations involving toxic indoor air caused by a one-time, sudden infiltration of a toxic, hazardous, or noxious gas, such as carbon monoxide.

Additionally, the Court finds that the Indoor Air Exclusion applies to Siloam Springs' claim for the bodily injuries of the guests which occurred on January 17, 2013 and, therefore, the insurance policy affords no coverage for this loss. Carbon monoxide is clearly a toxic, hazardous, and noxious quality of indoor air. Further, because the Indoor Air Exclusion applies "regardless of cause", the Court finds the fact the January 17, 2013 injuries occurred as a result of a sudden, temporary infiltration of carbon monoxide does not alter the application of the Indoor Air Exclusion.

5

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES Siloam Springs' Motion for Summary Judgment [docket no. 25] and GRANTS Century Surety's Motion for Summary Judgment [docket no. 23].

**IT IS SO ORDERED this 14th day of May, 2014.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE