**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SILOAM SPRINGS HOTEL, L.L.C., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-13-572-M |
| | ) |
| CENTURY SURETY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On February 9, 2016, the Court entered an order finding that the coverage question at issue in this case should be certified to the appropriate state supreme court. In its order, the Court directed the parties to submit briefs regarding (1) which state supreme court is the appropriate state supreme court, Arkansas or Oklahoma, and (2) what question(s) should be certified. The parties have filed their briefs. Based upon the parties' submissions, the Court makes its determination.

The appropriate state supreme court to certify the coverage question to depends on whether this case is governed by Arkansas or Oklahoma law. The Court must initially determine whether there is, in fact, a choice of law issue in this case. Both plaintiff and defendant agree that Arkansas law does not differ from Oklahoma law in any way material to this coverage dispute. Further, the Court has found that Oklahoma's rules for construction of an insurance contract are identical to those of Arkansas. *See* May 14, 2014 Order [docket no. 29] at 3, n.1. Because there is no conflict between Oklahoma law and Arkansas law, "any perceived choice-of-law issue is contrived." *Rogers v. Dell Computer Corp.*, 138 P.3d 826, 831 (Okla. 2005). Additionally, "[w]hen there is no conflict [of law], the [c]ourt applies the law of the forum." *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1170 (10th Cir. 2010). Since this case is pending in the United States District Court for the Western District of Oklahoma, the law of Oklahoma should be applied. Therefore, the

Oklahoma Supreme Court is the appropriate court to answer the certified coverage question from this Court.

Regarding what question(s) should be certified, the Court, having reviewed the parties' submissions, finds that any question that is certified should be narrowly tailored to address only the concern expressed by the Tenth Circuit. Therefore, the Court finds that the following question should be certified to the Oklahoma Supreme Court: Does the public policy of the State of Oklahoma prohibit enforcement of the Indoor Air Exclusion, which provides that the insurance afforded by the policy does not apply to "'Bodily injury', 'property damage', or 'personal and advertising injury' arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating pathogenic or allergen qualities or characteristics of indoor air regardless of cause"? The Court will issue a separate order certifying this question to the Oklahoma Supreme Court.

**IT IS SO ORDERED this 21st day of March, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE