# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SILOAM SPRINGS HOTEL, L.L.C.,     ) | |
| ) | |
| Plaintiff,     ) | Case No. CIV-13-572-M |
| ) | |
| v.     ) | |
| ) | |
| (1) CENTURY SURETY COMPANY,     ) | |
| ) | |
| Defendant.     ) | |

### DEFENDANT CENTURY SURETY COMPANY'S
### MOTION FOR ADMINISTRATIVE CLOSING

**COMES NOW** Defendant, Century Surety Company, and moves this Court to administratively close this case. In support thereof, Century Surety states the following:

1. **FACTS**

1.  On May 14, 2014, this Court granted Century Surety's Motion for Summary Judgment, finding that insurance coverage was not afforded to Plaintiff Siloam Springs Hotel, L.L.C. by the Century Surety insurance policy at issue in this lawsuit, for bodily injuries allegedly caused by a carbon monoxide release within Siloam Springs' hotel. [Doc. # 29]. Specifically, this Court determined that the policy's Indoor Air Exclusion was not ambiguous, and that it applied to exclude coverage for Siloam Springs' claim. [*Id.*].

2.  On an appeal taken by Siloam Springs, the United States Court of Appeals for the Tenth Circuit took no issue with this Court's determination of the coverage issue but remanded the matter for a determination of whether diversity jurisdiction existed, given that Plaintiff was a limited liability company and, if such jurisdiction was found,

suggested that this Court certify to the appropriate state supreme court the question of whether the Indoor Air Exclusion violated Oklahoma public policy.  [Doc. # 36].

3. On remand, this Court confirmed that it had jurisdiction over this lawsuit and, in light of the Tenth Circuit's suggestion, found that the question of whether the subject policy exclusion violated state public policy should be certified to the appropriate state supreme Court.  [Doc. # 43].

4. After concluding that the Oklahoma Supreme Court was the proper court to which to direct the question of public policy [Doc. # 47], this Court then certified the following question to the Oklahoma Supreme Court: Does the public policy of the State of Oklahoma prohibit enforcement of the Indoor Air Exclusion, which provides that the insurance afforded by the policy does not apply to "'Bodily injury', 'property damage', or 'personal and advertising injury' arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating pathogenic or allergen qualities or characteristics of indoor air regardless of cause"?  [Doc. # 48].

5. On February 22, 2017, the Oklahoma Supreme Court answered the certified question in the negative.  [Doc. # 54].

6. Since the Oklahoma Supreme Court answered the certified question affirming that this Court's coverage determination in this lawsuit was not inconsistent with any public policy of the State of Oklahoma, no further activity in this case has occurred or remains necessary to render the Court's adjudication of the coverage issue which the case concerns a final judgment.

**WHEREFORE, PREMISES CONSIDERED,** this Court having confirmed its jurisdiction pursuant to the requirements of the Tenth Circuit's decision, and the Oklahoma Supreme Court having confirmed that no Oklahoma public policy was implicated by this Court's decision, and insofar as the Tenth Circuit remanded this case without reversal of any substantive finding or conclusion contained in this Court's judgment, that judgment now stands as the final order in this case after appeal and Defendant Century Surety Company respectfully moves this Court to administratively close this case.

                                                Respectfully submitted,

                                                *s/ Phil R. Richards*
                                                Phil R. Richards, OBA #10457
                                                Randy Lewin, OBA #16518
                                                RICHARDS & CONNOR
                                                12th Floor, ParkCentre Bldg.
                                                525 S. Main Street
                                                Tulsa, Oklahoma  74103
                                                Telephone:  918/585.2394
                                                Facsimile:  918/585.1449

                                                ATTORNEYS FOR DEFENDANT
                                                CENTURY SURETY COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of May, 2017, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing to the following:

Tom E. Mullen, Esq. – temullen@fentonlaw.com
Sterling E. Pratt, Esq. – sepratt@fentonlaw.com
FENTON, FENTON, SMITH,
RENEAU & MOON
211 N. Robinson, Suite 800N
Oklahoma City, Oklahoma 73102

ATTORNEYS FOR PLAINTIFF

*s/ Phil R. Richards*