### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) SILOAM SPRINGS HOTEL, L.L.C., )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>(1) CENTURY SURETY COMPANY, )<br>)<br>Defendant. ) | CASE NO.: CIV-13-572-M |

## PLAINTIFF SILOAM SPRINGS HOTEL, LLC'S MOTION TO REOPEN

Plaintiff Siloam Springs Hotel, LLC ("Siloam Springs") moves this Court to reopen this matter, which is currently administratively closed [Doc. 48]. In support of this motion, Plaintiff offers the Court the following:

1. On May 14, 2014, this Court granted Defendant Century Surety's Motion for Summary Judgment, finding no coverage was afforded by the Century Surety policy for bodily injuries caused by a carbon monoxide release within Siloam Springs' hotel. [Doc. 29]. Plaintiff appealed to the Tenth Circuit.

2. On appeal, the Tenth Circuit held oral argument on the coverage issues presented by this matter, but found that diversity jurisdiction had not been properly established in the District Court and therefore did not reach a decision on the merits. The Tenth Circuit remanded this lawsuit for a determination of whether the District Court has diversity jurisdiction. In the 10th Circuit's order remanding the case, it suggested that this Court certify the coverage questions at issue to the appropriate state Supreme Court.

3. On remand, this Court determined that it has jurisdiction and certified a question of law to the Oklahoma Supreme Court. The Plaintiff believes the question certified was different than the coverage issues in the lawsuit. The question certified was whether the policy exclusion at issue violates the public policy of Oklahoma. The Oklahoma Supreme Court found that the policy exclusion does not violate the public policy of Oklahoma. [Doc. 54]. The Oklahoma Supreme Court did not answer the coverage questions in dispute in the lawsuit, which are: 1) Is the Century Surety Company commercial general liability policy's "Indoor Air Exclusion" ambiguous as applied to the third-party carbon monoxide poisoning claims for which Siloam Springs Hotel, LLC seeks liability insurance coverage?; and 2) Does the Century Surety Company commercial general liability policy's "Indoor Air Exclusion" exclude coverage for the third-party carbon monoxide poisoning claims for which Siloam Springs Hotel, LLC seeks liability insurance coverage?

4. Oklahoma Supreme Court Justice Yvonne Kauger issued a separate opinion dissenting in part from the Oklahoma Supreme Court's majority opinion. Justice Kauger's view was that the question certified should be reformulated and that the Oklahoma Supreme Court should address the coverage questions at issue in this lawsuit. Justice Kauger considered the coverage issues in dispute and concluded that the "Indoor Air Exclusion" relied upon by Century Surety does not exclude coverage in this case. Therefore, the only Oklahoma Supreme Court Justice to consider the coverage issues in this lawsuit concluded that the "Indoor Air Exclusion" does *not* exclude coverage.

5. In this Court's *Order Certifying Question to Oklahoma Supreme Court* [Doc. No. 48], the Court stated that "the Court ADMINISTRATIVELY CLOSES this case pending the Oklahoma Supreme Court's answer to the certified question. . . ." Footnote 1 to the Order states that the "parties may move to reopen this matter following the Oklahoma Supreme Court's answer to the certified question." [Doc. 48].

6. Plaintiff Siloam Springs moves to reopen this matter in order to either 1) file a motion to reconsider the Court's previous order granting summary judgment to Defendant Century Surety; or 2) request that the Court enter an order reaffirming its previous order granting summary judgment, in light of the determination of jurisdiction and the opinion of the Oklahoma Supreme Court, and then enter a final appealable judgment consistent with that Order.

WHEREFORE, premises considered, Plaintiff Siloam Springs Hotel, LLC respecfully requests that this Court reopen this matter for further proceedings, together with any additional relief the Court deems just and proper.

          Respectfully submitted,

          *s/ Tom E. Mullen*
          Tom E. Mullen, OBA #6500
          Sterling E. Pratt, OBA # 22276
          FENTON, FENTON, SMITH, RENEAU, & MOON
          211 N Robinson, Suite 800N
          Oklahoma City, Oklahoma  73102
          Telephone: (405) 235-4671
          Facsimile: (405) 235-5247
          temullen@fentonlaw.com
          sepratt@fentonlaw.com
          ***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

This will certify that on the 9th day of May, 2017, I electronically transmitted the attached document to the Clerk of the Court using ECF System for filing.  Based on the electronic records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the to the following recipients:

Phil R. Richards, OBA #10457
Randy Lewin, OBA #16518
RICHARDS & CONNOR
12th Floor, ParkCentre Bldg.
525 S. Main Street
Tulsa, OK 74103
Telephone: (918) 585-2394
Facsimile: (918) 585-1449
**ATTORNEYS FOR DEFENDANT**

          *s/ Tom E. Mullen*
          Tom E. Mullen / Sterling E. Pratt