### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SILOAM SPRINGS HOTEL, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-13-572-M |
| ) | |
| CENTURY SURETY COMPANY, ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

     Before the Court is plaintiff's Motion to Reopen, filed May 9, 2017. On May 15, 2017, defendant filed its response. Plaintiff moves to reopen this case in order to either (1) file a motion to reconsider the Court's previous order granting summary judgment to defendant or (2) request that the Court enter an order reaffirming its previous order granting summary judgment, in light of the determination of jurisdiction and the opinion of the Oklahoma Supreme Court, and then enter a final appealable judgment consistent with that order.

     On May 14, 2014, this Court entered an order granting defendant's motion for summary judgment and entered judgment in favor of defendant. Plaintiff appealed this Court's order and judgment to the United States Court of Appeals for the Tenth Circuit. On March 31, 2015, the Tenth Circuit entered its opinion and judgment. In its opinion, the Tenth Circuit did not address the merits of the case but solely focused on the issue of whether diversity jurisdiction had been properly established in this Court. The Tenth Circuit remanded the matter to this Court for further proceedings to determine whether complete diversity existed at the time plaintiff filed its suit in Oklahoma state court. In its opinion, the Tenth Circuit further advised this Court that if it concluded on remand that diversity jurisdiction is proper, this Court should consider whether the

state's interest in insurance regulation and the public policy implications would be best served by certifying the coverage questions at issue in this case to the appropriate state supreme court.

Pursuant to the Tenth Circuit's remand, this Court obtained further briefing from the parties on the issue of diversity jurisdiction. On February 9, 2016, this Court entered an order finding the Court properly has jurisdiction over this matter. Additionally, in light of the Tenth Circuit's advisement, and upon further briefing by the parties, the Court entered an order certifying the following question to the Oklahoma Supreme Court:

> Does the public policy of the State of Oklahoma prohibit enforcement of the Indoor Air Exclusion, which provides that the insurance afforded by the policy does not apply to "'Bodily Injury', 'property damage', or 'personal and advertising injury' arising out of, caused by, or alleging to be contributed to in any way by any toxic, hazardous, noxious, irritating pathogenic or allergen qualities or characteristics of indoor air regardless of cause"?

On February 22, 2017, the Oklahoma Supreme Court answered this Court's certified question in the negative.

In light of the above, the Court finds that it has completed all further proceedings for which the Tenth Circuit remanded this matter. Additionally, the Court finds that both its finding of diversity jurisdiction and the Oklahoma Supreme Court's answer to this Court's certified question do not alter in any way this Court's May 14, 2014 Order and Judgment. The Court, thus, finds there are no further actions that this Court need take in this matter and, therefore, that there is no need to reopen this case.

Accordingly, the Court DENIES plaintiff's Motion to Reopen [docket no. 56].

**IT IS SO ORDERED** this 31st day of August, 2017.

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE