**FILED**
United States Court of Appeals
Tenth Circuit

**October 16, 2018**

**Elisabeth A. Shumaker**
Clerk of Court

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SILOAM SPRINGS HOTEL, L.L.C.,

    Plaintiff - Appellant,

v.

CENTURY SURETY COMPANY,

    Defendant - Appellee.

No. 17-6208

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
(D.C. No. 5:13-CV-00572-M)**

---

Tom E. Mullen (Sterling E. Pratt with him on the brief), of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Oklahoma, for Plaintiff-Appellant.

Phil R. Richards (Randall Jay Lewin with him on the brief), of Richards & Connor, Tulsa, Oklahoma, for Defendant-Appellee.

---

Before **LUCERO**, **McKAY,** and **MORITZ**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

This diversity case involves a dispute between an insurance company and an insured hotel regarding the interpretation of the insurance policy's exclusion for injuries "arising out of, caused by, or alleging to be contributed to in any way by any toxic,

hazardous, noxious, irritating, pathogenic or allergen qualities or characteristics of indoor air regardless of cause." (Appellant's App. at 53.) This appeal is before us again following remand in *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015) (*Siloam I*), in which we directed the district court to determine whether there was complete diversity of citizenship between the parties, which was an essential jurisdictional issue that needed to be decided before we could properly address the merits of this case. On remand, the district court received evidence on this question and determined that diversity jurisdiction was indeed proper. The district court also certified a policy question to the Oklahoma Supreme Court, which held that the exclusion at issue in this case—however interpreted—should not be voided based on public policy concerns. Following the resolution of these issues on remand, the hotel filed the instant appeal.

On January 17, 2013, while the disputed insurance policy was in effect, several guests at the hotel allegedly sustained injuries due to carbon monoxide poisoning stemming from an indoor-swimming-pool heater that had recently been serviced. The hotel sought coverage under the policy, and the insurer denied coverage based on the exclusion for "qualities or characteristics of indoor air."

The hotel filed suit in Oklahoma state court, and the insurer removed the action to the federal district court. In a May 2014 opinion, the district court held that the policy unambiguously excluded claims based on the release of carbon monoxide into the air and thus granted summary judgment in favor of the insurer.

Shortly after the district court issued this ruling, the Nevada Supreme Court considered the identical issue in a case involving the same insurance company's denial of coverage for a different hotel that likewise faced claims that hotel guests were poisoned by carbon monoxide accidentally released into the air by a faulty indoor-swimming-pool heater. *Century Surety Co. v. Casino West, Inc.*, 329 P.3d 614 (Nev. 2014). In that case, addressing a certified question from the Ninth Circuit, the Nevada Supreme Court unanimously held that the exclusion was ambiguous because it is "subject to multiple reasonable interpretations." *Id.* at 618. Because the policy stated that it excluded coverage of any bodily injury resulting from hazardous aspects of the air "regardless of cause," it could be interpreted as the insurer argued, with no limitations restricting its applicability. On the other hand, the provision excludes coverage only for "certain types of air 'qualities or characteristics.'" *Id.* at 618–19.

> As relevant here, a "quality" refers to the "peculiar and essential character" or "an inherent feature" of something. *See Merriam–Webster's Collegiate Dictionary* 1017 (11th ed. 2012). And a "characteristic" is a "distinguishing trait, quality, or property." *Id.* at 207. These definitions evoke the idea of something that is permanently present in the air, rather than a temporary condition.

*Id.* at 619. Thus, the hotel's interpretation—"limiting the exclusion's applicability only to inherent and continuous air quality issues—is also reasonable." *Id.* at 618. Because this exclusion was thus subject to multiple reasonable interpretations, the Nevada Supreme Court held that it should be interpreted to effectuate the reasonable expectations of a policyholder "that the indoor air quality exclusion applies only to continuously present

substances that render the air harmful, and that the policy allows recovery for an unexpected condition that temporarily affects the air quality inside of a building." *Id.* at 619.  The court accordingly held that this exclusion did not bar coverage for the hotel guests' injuries caused by carbon-monoxide poisoning.

A few weeks later, Siloam Springs Hotel filed a timely notice of appeal in this case.  On appeal, the parties argued the merits of the coverage dispute.  However, a panel of this court observed that the insurer's notice of removal was defective because it did not demonstrate that complete diversity of citizenship existed at the time of the filing of the complaint.  *Siloam I*, 781 F.3d at 1236, 1239.  Because we could not tell from the appellate record whether or not the district court had jurisdiction over this action based on diversity of citizenship, we remanded the case to the district court for further proceedings.  *Siloam I*, 781 F.3d at 1239.  We then stated:

> "In light of the need to remand this case for further development of the jurisdictional record, it is worth noting that states have a particularly strong interest in insurance regulation.  Furthermore, although the parties argue the coverage issue exclusively by reference to generally applicable contract principles, it is far from clear the coverage issue at the center of this case is completely devoid of public policy implications.  Given these factors, should the district court conclude on remand that diversity jurisdiction is proper, it would be well advised to move on to consider whether the state's interest in insurance regulation would be best served by certifying the coverage questions at issue in this case to the appropriate state supreme court.

*Id.* (internal citations and footnote omitted).

On remand, the district court received evidence on the citizenship of the individual members of the hotel and found that complete diversity of jurisdiction did exist and thus

-4-

that federal jurisdiction over this action was proper.  The court then certified to the Oklahoma Supreme Court the question of whether Oklahoma public policy prohibited enforcement of the "qualities and characteristics of indoor air" exclusion, which the district court quoted verbatim in its certification order.

In considering this certified question, a majority of the Oklahoma Supreme Court declined to resolve the parties' dispute about how the exclusion should be interpreted. *See Siloam Springs Hotel v. Century Sur. Co.*, 392 P.3d 262, 270–71 (Okla. 2017) (*Siloam II*).  The court noted that, under Oklahoma law, "[c]ourts will exercise their power to nullify contracts made in contravention of public policy only rarely, with great caution and in cases that are free from doubt." *Id.* at 268.  The court held that the "qualities and characteristics of indoor air" exclusion, however interpreted, did not present one of the rare sorts of circumstances in which public policy will permit a court to nullify a contractual arrangement:  "Regardless of the interpretation of the Indoor Air Exclusion, the public policy of the State of Oklahoma does not prohibit its enforcement." *Id.* at 270.  Three justices dissented from this opinion without filing a separate opinion to explain their reasoning.

Justice Kauger filed a separate opinion in which she concurred in part and dissented in part.  She reasoned that "[t]he certified question in the present case, whether Oklahoma's public policy prohibits enforcement of the Indoor Air Exclusion, cannot be answered without first determining what the Indoor Air Exclusion actually excludes." *Id.* at 274 (Kauger, J., concurring in part and dissenting in part).  She argued that the certified

question should be reformulated to first ask whether the exclusion applied to an isolated carbon monoxide leak before reaching the public policy question. She then extensively explained why she would find this exclusion to be ambiguous. Both parties had put forth interpretations that were reasonable. The hotel reasonably argued, citing to the dictionary definitions of the words "quality" and "characteristic," that the exclusion was limited to "an inherent and/or continuous attribute of the air quality," and that the exclusion did not apply to "a single and abrupt leak of carbon monoxide," which "was not an inherent feature of the hotel's air." *Id.* at 277. The insurer also proffered a reasonable interpretation, "focusing on the words 'regardless of cause' [to] argue[] that the Indoor Air Exclusion does exclude coverage of one-time sudden infiltrations of carbon monoxide." *Id.* Citing to *Casino West*, Justice Kauger noted that the Nevada Supreme Court had examined the same policy language in "a strikingly similar case" and had found the exclusion to be subject to more than one reasonable interpretation and thus to be ambiguous. *Id.* She argued that the Oklahoma Supreme Court should apply the same reasoning in this case. She then concluded that because the exclusion was subject to more than one reasonable interpretation, it must be construed in favor of the hotel as the insured. *Id.* "Construing the provision in favor of the hotel, the Indoor Air Exclusion is limited to latent defects in the air, that is, to inherent characteristics of the air rather than sudden, isolated leaks." *Id.* Justice Kauger thus opined that the exclusion did not apply to the present case and therefore that the court did not need to decide whether its enforcement would be prohibited by public policy. *Id.* at 278.

Following the Oklahoma Supreme Court's resolution of the certified question, the insurer asked the district court to administratively close the case, arguing that "no further activity in this case . . . remains necessary to render the [district c]ourt's adjudication of the coverage issue which the case concerns a final judgment." (Appellant's App. at 353.) The hotel asked the court to reopen the case to either reconsider its previous order or to enter a final, appealable judgment against the hotel. The district court held that the case had already been administratively closed and it had no need to reopen the case, since "both its finding of diversity jurisdiction and the Oklahoma Supreme Court's answer to this Court's certified question do not alter in any way" the court's summary judgment decision on the merits of the coverage dispute. (*Id.* at 379.) Later that day, the hotel filed a notice of appeal to this court.

"We review summary judgment orders de novo, using the same standards the district court applies." *McIntosh v. Scottsdale Ins. Co.*, 992 F.2d 251, 253 (10th Cir. 1993). "We must determine whether there is a genuine issue of material fact and whether the movant is entitled to judgment as a matter of law." *Wood v. Eli Lilly & Co.*, 38 F.3d 510, 512 (10th Cir. 1994). "A federal court sitting in diversity must apply the law of the forum state, in this case Oklahoma, and thus must ascertain and apply Oklahoma law with the objective that the result obtained in the federal court should be the result that would be reached in an Oklahoma court." *Id.* Where the highest court of the forum state has not yet ruled on an issue, "we determine what decision the state court would make if faced with the same facts and issue by considering [lower] state court decisions, decisions of

-7-

other states, federal decisions, and the general weight and trend of authority." *Hardin v. First Cash Fin. Servs, Inc.*, 465 F.3d 470, 476 (10th Cir. 2006) (internal quotation marks and citation omitted). "A federal district court's state-law determinations are entitled to no deference and are reviewed de novo." *Wood*, 38 F.3d at 512.

As an initial matter, we must address the insurer's argument that we should not reach the merits of this case because of the unusual procedural posture in which it comes before us. According to the insurer, in this appeal we may only review for abuse of discretion the district court's denial of the hotel's motion to reopen this case. The insurer argues that we forfeited de novo review of the merits of this case by declining to address the merits in the previous appeal; if we wanted to address the merits, we should have retained jurisdiction over the appeal while directing the district court to determine whether any federal jurisdiction existed in the first place. However, even if we accept the insurer's proposition that we could have retained jurisdiction over an appeal in which the record did not set forth a valid basis for federal jurisdiction, we are not persuaded that our remand in the prior appeal precludes us from exercising de novo review over the merits of this case now that the jurisdictional issue has been resolved.

"A notice of appeal that names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment under the general rule that appeal from a final judgment supports review of all earlier interlocutory orders." *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 n.7 (10th Cir. 1994) (internal quotation marks and brackets omitted). The insurer argues that this rule is inapplicable here because the merits

-8-

of this case were decided in the district court's May 2014 summary judgment decision, which was a final, appealable judgment, not an interlocutory judgment. However, while the district court's May 2014 summary judgment decision was a final, appealable order at the time it was issued, it lost its finality when we remanded it on appeal. *See Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 797 (10th Cir. 1995) ("When we vacated the district court's dismissal and remanded the case to the district court to enter a stay, the district court's disposition was no longer final . . . ."). When we remanded this case for further proceedings, the district court's May 2014 summary judgment order became, in essence, an interlocutory order, which merged with the district court's final order once the district court resolved the issues it was directed to resolve on remand from this court and held that it would not further reconsider its previous decision in this case.

The insurer also argues that we implicitly affirmed the merits of the district court's decision by declining to address the merits in the first appeal. This argument appears to be premised on a fundamental misunderstanding of the law. It would not have been appropriate for us to address the merits in the previous appeal when there was not a clear basis for jurisdiction in the appellate record. "Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction." *United States v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.

1974) (emphasis omitted).  In the previous appeal, we remanded without addressing the merits because it would have been inappropriate for us to reach the merits when federal jurisdiction over the action was potentially nonexistent.  Nothing can or should be read into our decision not to reach the merits when we could not properly do so.

The insurer cites no authority to support its proposition that an appellant is forever foreclosed from appealing the merits of a case if the appellee failed to make an adequate showing of federal jurisdiction before the district court, thus requiring remand to resolve the jurisdictional issue before the appellate court may properly address the merits of the case.  We will not be the first to adopt such an unjust rule.  Rather, we are persuaded that the hotel's appeal from the district court's decision on remand is sufficient to appeal the merits of the prior summary judgment decision that was the subject of that remand.  We will therefore address the merits of this decision de novo, as we would have in the first appeal if federal jurisdiction had not been in dispute.

Before reaching the merits of this appeal, we also pause to briefly address the insurer's argument that this appeal must be dismissed as untimely.  As noted above, the hotel filed its notice of appeal on the same day that the district court entered its final order in this case.  Nevertheless, the insurer makes a convoluted argument for why we should find the appeal to be untimely.  The insurer contends—without citation to any persuasive authority or reasoning—that a state supreme court's decision on a certified question should be treated by analogy like a district court ruling, and a subsequent federal district court decision declining to reopen a case following the state supreme court's decision

should be treated by analogy like a federal circuit court decision. Therefore, the insurer argues, because the hotel did not file its motion to reopen the district court case until several weeks after the Oklahoma Supreme Court had issued its decision, the motion to reopen was untimely under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure and should have been denied by the district court—and now this court—for lack of appellate jurisdiction. We see no merit to this argument. "[T]he district court is a court of original jurisdiction, not an appellate tribunal," *Fairfax Cty. Redevelopment & Hous. Auth. v. W.M. Schlosser Co.*, 64 F.3d 155, 158 (4th Cir. 1995) (internal quotation marks omitted), and the rules of appellate procedure govern appellate courts, not district courts. As for the insurer's contention that appellate time limits must be imported into the district court context to prevent cases from remaining in limbo for months or years after a state court responds to a certified question, we are persuaded that such concerns could be resolved by the time limits contained in the Federal Rules of Civil Procedure (particularly Rule 60(b)), which are the rules governing the processes of the district court. The insurer presents no persuasive argument on timeliness, and we therefore reject this challenge to the appeal.

Finally, we turn to the merits of this appeal. Because the majority of the Oklahoma Supreme Court declined to reach the merits of the coverage question, we must predict how that court would likely rule on this issue if the issue were properly before it. *Wood*, 38 F.3d at 512. As previously noted, in making this determination we may look to

lower state court decisions, the decisions of other state courts, federal decisions, and "the general weight and trend of authority." *Hardin*, 465 F.3d at 476.

This case involves a policy exclusion unique to Century Surety, which provides that coverage is excluded for specified "qualities or characteristics" of indoor air. The interpretation of this exclusion has only been addressed in two cases, *Casino West* and the instant case.[1] In *Casino West*, the federal district court and all seven justices of the Nevada Supreme Court agreed it was ambiguous. Justice Kauger, the only justice of the Oklahoma Supreme Court to consider this issue, has likewise found the exclusion to be ambiguous. The only jurist who has ever found this exclusion to be unambiguous is the district court in this case, which reached its decision without the benefit of the Nevada Supreme Court's analysis of the ambiguity created by the terms "qualities or characteristics."

The insurer argues that Nevada law reaches the question of ambiguity differently from Oklahoma and that this exclusion is therefore not ambiguous under Oklahoma law, even if it is ambiguous in Nevada. Specifically, the insurer argues that Nevada allows extrinsic evidence of the expectations of the insured to create an ambiguity even where

---

[1] Century Surety also relied on this exclusion in an unpublished federal district court case arising out of Florida, *Century Surety Co. v. Broward Collision, Inc.*, 2014 WL 11761921 (S.D. Fla. 2014). However, the court in that case found that the coverage was unambiguously excluded based on a different provision that excluded claims for bodily injury arising out of "toxic or hazardous properties of minerals or other substances." *Id.* at *2. Because the court relied on this "substances" exclusion, it did not address any issues relating to the separate "qualities or characteristics" exclusion at issue in this case and in *Casino West*.

no ambiguity exists on the face of the contract, which is contrary to Oklahoma's approach to ambiguity. However, whether or not this is an accurate description of Nevada law in general, in this case the Nevada Supreme Court found the exclusion to be ambiguous based on the dictionary definitions of the terms used in the policy, and thus it is irrelevant whether the Nevada court could also have based its finding of ambiguity on extrinsic evidence. The test the Nevada Supreme Court used to find this exclusion to be ambiguous—whether or not its language can be interpreted in more than one reasonable way—is the same test that would be applied by an Oklahoma court. *See, e.g.*, *Pitco Prod. Co. v. Chaparral Energy, Inc.*, 63 P.3d 541, 545–46 (Okla. 2003) ("A contract is ambiguous if it is reasonably susceptible to at least two different constructions."). Focusing on this test, as Justice Kauger reasoned in her partial concurrence, Oklahoma law would reach the same result as the Nevada court reached in *Casino West*, since the language of the policy on its face is "subject to multiple reasonable interpretations" because of the ambiguity created by the limitation to "qualities or characteristics" of indoor air. *Siloam II*, 392 P.3d at 277 (Kauger, J., concurring in part and dissenting in part).

We find the analysis of Justice Kauger and the Nevada Supreme Court to be persuasive on this issue. Perhaps the exclusion could be interpreted to refer to any substance that is ever found in the air, no matter how ephemeral its existence as a component of the air. But, given that the exclusion is limited to "qualities or characteristics" of air, the exclusion may also be reasonably interpreted to refer only to an

inherent feature or other longer-lasting trait of the air. *See Casino West, Inc.*, 329 P.3d at 619 (quoting dictionary definitions of these terms); *Siloam II*, 392 P.3d at 277 (Kauger, J., concurring in part and dissenting in part). At any rate, in light of the "weight and trend" of these authorities, we are not persuaded that the majority of the Oklahoma Supreme Court would depart both from the reasoned opinion of one of its colleagues and from the persuasive holding of the only other state court to interpret this exclusion.

We predict the Oklahoma Supreme Court would agree with Justice Kauger and with the unanimous Nevada Supreme Court that this exclusion is ambiguous. We further predict the Oklahoma Supreme Court would likewise agree with Justice Kauger and with the Nevada Supreme Court that construing this exclusion in favor of the insured would make the exclusion inapplicable in this case, in which the claims of injury arose from a "sudden, isolated, and temporary" release of a substance into the air, not an "ongoing condition" or inherent feature of the air. *Siloam II*, 392 P.3d at 277–78 (Kauger, J., concurring in part and dissenting in part); *see also Casino West*, 329 P.3d at 619 (holding that the exclusion does not bar coverage for injuries caused by a carbon monoxide leak because "a policyholder could reasonably expect that the indoor air quality exclusion applies only to continuously present substances that render the air harmful, and that the policy allows recovery for an unexpected condition that temporarily affects the air quality inside of a building").

We therefore hold that the hotel is entitled to coverage under this policy. We accordingly **REVERSE** the district court's denial of coverage and **REMAND** for further

proceedings on the question of damages. We **DENY** the hotel's motion for us to certify this issue to the Oklahoma Supreme Court.

**REVERSED AND REMANDED.**

# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT
# OFFICE OF THE CLERK

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157

Elisabeth A. Shumaker  
Clerk of Court

October 16, 2018

Chris Wolpert  
Chief Deputy Clerk

Mr. Randall Jay Lewin
Mr. Philip Raymond RichardsRichards & Connor
525 South Main Street, 12th Floor
ParkCentre Bldg.
Tulsa, OK 74103

Mr. Tom E. Mullen
Mr. Sterling E. Pratt
Fenton Fenton Smith Reneau & Moon
211 North Robinson Avenue
Suite 800N
Oklahoma City, OK 73102

RE:   17-6208, Siloam Springs Hotel v. Century Surety Company
      Dist/Ag docket: 5:13-CV-00572-M

Dear Counsel:

Enclosed is a copy of the opinion of the court issued today in this matter. The court has entered judgment on the docket pursuant to Fed. R. App. P. Rule 36.

Pursuant to Fed. R. App. P. Rule 40, any petition for rehearing must be filed within 14 days after entry of judgment. Please note, however, that if the appeal is a civil case in which the United States or its officer or agency is a party, any petition for rehearing must be filed within 45 days after entry of judgment. Parties should consult both the Federal Rules and local rules of this court with regard to applicable standards and requirements. In particular, petitions for rehearing may not exceed 15 pages in length, and no answer is permitted unless the court enters an order requiring a response. If requesting rehearing en banc, the requesting party must file 6 paper copies with the clerk, in addition to satisfying all Electronic Case Filing requirements. *See* Fed. R. App. P. Rules 35 and 40, and 10th Cir. R. 35 and 40 for further information governing petitions for rehearing.

Please contact this office if you have questions.

Sincerely,

*Elisabeth A. Shumaker*

Elisabeth A. Shumaker
Clerk of the Court

EAS/klp